■ ELIOT BLOOM et al., Respondents, v MICHAEL KERNAN, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (McDermott, J.), entered February 2, 1988 in Albany County, which, *inter alia*, denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs orally retained defendant as an attorney to represent them in the purchase of real property in the Town of Bethlehem, Albany County. The closing was held on November 25, 1981 and plaintiff executed a note and purchase-money mortgage to the seller, Mary Deitz. Subsequently, plaintiffs ran into financial difficulties and sought to sell the property to pay off the mortgage. Plaintiffs allege that, while they were attempting to sell the property, they became aware that there was a reverter clause in the chain of title which they claim rendered the property unmarketable. The clause provided that if liquor was sold on the premises the property would revert to the grantor. Since plaintiffs could not sell the property, foreclosure proceedings were instituted against plaintiffs by Deitz. The foreclosure action was settled and plaintiffs deeded the property back to Deitz. Thereafter, plaintiffs commenced this action alleging claims sounding in legal malpractice and breach of contract. Plaintiffs moved for summary judgment and defendant cross-moved for summary judgment dismissing

the complaint for failure to state a cause of action, failure to initiate the suit within the statutory time limit and lack of jurisdiction. Defendant submitted an affidavit by an attorney in support of his motion setting forth the local practice among attorneys as to reverters and title insurance. In opposition, plaintiffs submitted an affidavit by their attorney of record and their own affidavit. Supreme Court denied both motions. This appeal by defendant ensued.

The order of Supreme Court should be affirmed. Defendant's contention that the malpractice cause of action should have been dismissed because of lack of proof that defendant proximately caused the damages alleged is without merit. The proof submitted raises triable questions of fact as to the marketability of title of the property due to the alcohol reverter clause (see, Regan v Lanze, 40 NY2d 475, 481; Isaacs v Schmuck, 245 NY 77), whether the advice and representation by defendant met the standard of professional care and skill required of an attorney in the community and proximate cause (see, Saveca v Reilly, 111 AD2d 493, 494; Ressis v Wojick, 105 AD2d 565, 567, lv denied 64 NY2d 609). Thus, Supreme Court properly denied defendant's motion to dismiss the legal malpractice cause of action.

Defendant's next argument, that the complaint fails to state a cause of action for breach of contract against him because there was no special promise or representation made by him in addition to the general retainer agreement, is rejected. Defendant's reliance on Brainard v Brown (91 AD2d 287) is misplaced. The complaint alleges that "defendant breached implied and express contractual obligations with plaintiffs in failing to possess and exercise ordinary skill and care in representing [plaintiffs]". Under each cause of action for malpractice and breach of contract, the claimed damage is to property or pecuniary interests and the asserted liability alleges a failure to use due care and had its genesis in the contractual relationship of the parties (see, Baratta v Kozlowski, 94 AD2d 454, 463). Recent case law permits this conduct to serve as the basis for contract liability absent an express promise to accomplish a particular result (see, Video Corp. v Flatto Assocs., 58 NY2d 1026; Sears, Roebuck & Co. v Enco Assocs., 43 NY2d 389; Baratta v Kozlowski, supra, at 461-463; see also, Klock v Lehman Bros. Kuhn Loeb, 584 F Supp 210, 218-221). "[A]n action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of

Limitations (CPLR 213, subd 2)" *(Video Corp. v Flatto Assocs., supra,* at 1028). Thus, the contract cause of action asserted in this case is maintainable insofar as it seeks contractual damages. Plaintiffs are not required at this stage to choose under which cause of action they will proceed at trial.

Defendant's claim that plaintiffs' failure to set forth expert evidence that defendant was negligent in his representation of plaintiffs in the purchase of the property is not persuasive. Plaintiffs produced an affidavit by their attorney stating that defendant's conduct was negligent and alleging nonfeasance by defendant in not bringing an action under RPAPL article 19 to remove the encumbrance of the alcohol reverter clause. This expert opinion created a factual issue for the trier of fact to resolve.

The parties have not briefed the question of whether plaintiffs' claims are barred by the Statute of Limitations, although defendant did state the issue as a question in his brief. It appears that the issue is no longer contested and, thus, we need not discuss it.

Finally, defendant's assertion that the complaint should be dismissed because Supreme Court lacked jurisdiction over his person since he allegedly was never served with a summons after dismissal of the third-party action is without merit. The affidavit of the process server reveals that a summons and complaint were personally served on defendant, not a complaint only, as defendant claims. Thus, the conflicting evidence was properly left for resolution by the trier of the facts.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.