MARTIN SANTULLI, Respondent, v ENGLERT, REILLY & McHugh, P. C., Appellant.

Third Department, November 15, 1990

APPEARANCES OF COUNSEL

*Roche, Corrigan, McCoy & Bush (Scott W. Bush* of counsel), for appellant.

*Karl H. Schrade (Donna B. Heinrichs* of counsel), for respondent.

**OPINION OF THE COURT**

MERCURE, J.

Plaintiff retained defendant to perform legal services in connection with the sale of plaintiff's hardware business, including preparation of a mortgage to secure payment of a portion of the purchase price. Following the closing on the transaction, the mortgage was recorded on February 18, 1981. In May 1983, plaintiff sought defendant's assistance in collecting amounts due on the mortgage. When these efforts proved unsuccessful, plaintiff inspected the recorded mortgage and discovered that it described only a portion of the real property intended to be mortgaged, a fact thereafter called to defendant's attention. In August 1983, plaintiff was advised that defendant was disqualified from representing him in a mortgage foreclosure action.

This action, alleging causes of action for malpractice and breach of contract, was commenced on September 18, 1985. Defendant answered, generally denying the allegations contained in the complaint and asserting various affirmative defenses, including that the action was barred by the applicable Statute of Limitations and failure to state a cause of action. Following discovery, defendant moved for summary judgment dismissing the complaint on those two grounds. Supreme Court denied defendant's motion, concluding that there was a question of fact as to whether plaintiff's second cause of action sounds in contract, thereby triggering application of a six-year Statute of Limitations. This appeal by defendant ensued.

Initially, plaintiff urges that application of the continuous representation doctrine tolled the Statute of Limitations on his malpractice cause of action until August 9, 1983, when defendant informed him that it could no longer represent him in the foreclosure action. In our view, the record fails to support this argument. There was not "an uninterrupted course of reliance and services related to the particular duty breached" *(National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021, 1023) and, accordingly, the doctrine of continuous representa-

tion does not apply *(cf., Stampfel v Eckhardt,* 143 AD2d 184, 185).

■ We conclude, nonetheless, that the action is not time barred. The Court of Appeals has made it clear that an action, such as this, for damages to property and pecuniary interests, which has its genesis in the contractual relationship of the parties, is governed by the six-year Statute of Limitations of CPLR 213 (2), whether pleaded in tort for professional malpractice or in contract for nonperformance of particular provisions of the contract *(Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 396; *see, National Life Ins. Co. v Hall & Co., supra; Video Corp. v Flatto Assocs.,* 58 NY2d 1026, 1028; *Bloom v Kernan,* 146 AD2d 916, 917-918).* To the extent that *Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge* (95 AD2d 918) and *Brainard v Brown* (91 AD2d 287) require a different conclusion, we expressly overrule them.

However, we must take care not to confuse our consideration of the application of the six-year contract Statute of Limitations with the distinct question of whether the complaint states a contract cause of action *(see, e.g., Bloom v Kernan, supra,* at 917-918). Here, because there was no express promise to obtain a specific result, the second cause of action, alleging breach of contract, should have been dismissed *(see, Badik v Murphy,* 160 AD2d 1199; *Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232, 236, *lv dismissed* 74 NY2d 892).

CASEY, J. P. (concurring in part and dissenting in part). The majority's decision to apply the six-year contract Statute of Limitations (CPLR 213 [2]) to this legal malpractice action, despite the absence of an express promise to obtain a specific result, finds ample support from *Video Corp. v Flatto Assocs.*

---

* While we acknowledge that the Court of Appeals has never applied the six-year contract Statute of Limitations to a legal malpractice action, we fail to perceive a meaningful distinction between a malpractice action brought against a lawyer and an action based upon the malpractice of another professional, so long as the remedy sought is damages for property or pecuniary loss *(see, Hoerger v Board of Educ.,* 127 AD2d 88, 98). The Second Department has directly applied the holding of *Video Corp. v Flatto Assocs.* (58 NY2d 1026) to legal malpractice actions *(see, Sager v DeRiggi,* 161 AD2d 571; *Sinopoli v Cocozza,* 105 AD2d 743). Of greater significance, this court, as recently as January 1989, held that the six-year Statute of Limitations applies in an action against an attorney " 'for failure to exercise due care in the performance of a contract [for professional services]' " *(Bloom v Kernan,* 146 AD2d 916, 917, *supra,* quoting *Video Corp. v Flatto Assocs., supra,* at 1028).

(58 NY2d 1026, 1028), wherein the Court of Appeals expressly disapproved *Gilbert Props. v Millstein* (33 NY2d 857), and from this court's dictum in *Bloom v Kernan* (146 AD2d 916). It is my view, however, that we should continue to adhere to our holding in *Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge* (95 AD2d 918). There are several factors which lead me to this viewpoint. The Court of Appeals has never applied the six-year Statute of Limitations to a legal malpractice action. On the contrary, less than nine months prior to its decision in the *Video Corp.* case, the court clearly and unequivocally applied the three-year Statute of Limitations (CPLR 214 [6]) to an attorney malpractice action *(Glamm v Allen,* 57 NY2d 87). The *Glamm* case, which has not been overruled or disapproved, was decided long after the court had begun to apply the six-year Statute of Limitations in cases of some other types of professional malpractice *(see, Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389), and use of the six-year limitations period would have rendered at least part of the *Glamm* decision unnecessary.

"[T]he choice of the applicable Statute of Limitations depends on the substantive remedy which the plaintiff seeks" *(Loengard v Santa Fe Indus.,* 70 NY2d 262, 266; *see, Sears, Roebuck & Co. v Enco Assocs., supra,* at 394-395). In *Martin v Dierck Equip. Co.* (43 NY2d 583), the court explained that a contractual remedy is one "which seeks to provide the parties with the benefit of their bargain", whereas a remedy based upon negligence or other tort "does not attempt to afford the injured party the benefit of any bargain, but rather * * * seek[s] to make the injured party 'whole' " *(supra,* at 589). Since the object of the damages in a legal malpractice action "is to make the injured client whole", regardless of whether the plaintiff pleads causes of action sounding in negligence or contract or both *(Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 42), it necessarily follows that plaintiff's substantive remedy in such an action is not contractual, but one based upon negligence or other tort and, therefore, the three-year tort Statute of Limitations is applicable, rather than the six-year contract Statute of Limitations.

Although the court emphasized in *Sears, Roebuck & Co. v Enco Assocs. (supra,* at 394-395) that the critical factor in determining the applicable Statute of Limitations is the remedy rather than the theory of liability, the court also explained that the six-year Statute of Limitations was appropriate in an action against an architect because all of the

liability alleged in the complaint had its genesis in the contractual relationship of the parties *(supra,* at 396). While this theory holds true for architects *(supra)* and insurance brokers *(National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021; *Video Corp. v Flatto Assocs., supra),* the nature of the attorney-client relationship compels a different conclusion. As with any rendition of professional services, it can be said that the attorney-client relationship has its inception in a contract, but the similarity ends there. The relationship between an attorney and client is a unique one, "founded in principle upon the elements of trust and confidence on the part of the client and of undivided loyalty and devotion on the part of the attorney, [and it] remains one of the most sensitive and confidential relationships in our society" *(Demov, Morris, Levin & Shein v Glantz,* 53 NY2d 553, 556). "Because of the uniqueness of the attorney-client relationship, traditional contract principles are not always applied to govern disputes between attorneys and clients" *(Campagnola v Mulholland, Minion & Roe, supra,* at 43). Thus, the court refused to apply the traditional rules of contract damages in a legal malpractice action *(supra,* at 44). In keeping with the long-standing recognition of the uniqueness of the attorney-client relationship, the traditional contract Statute of Limitations should not be applied where, as here, damages are sought solely as a result of the attorney's alleged negligent discharge of the responsibilities flowing from one of the most sensitive and confidential relationships in our society. The alleged liability has its genesis in that relationship, not in any contractual obligation.

It is also noteworthy that the application of the six-year contract Statute of Limitations would effectively nullify the Legislature's specific and unambiguous inclusion of malpractice in CPLR 214 (6), at least insofar as legal malpractice is concerned. In *Sears, Roebuck & Co. v Enco Assocs. (supra),* the court held that an action to recover damages from an architect, which was commenced more than three years but less than six years after accrual, was timely; but the court noted that the damages recoverable must be limited to contract, as opposed to tort, damages *(supra,* at 396-397). Thus, despite the application of the six-year contract Statute of Limitations to actions against certain professionals, the three-year tort Statute of Limitations retains some viability *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214:6, at 529-530). In the case of a legal malpractice action, however, this last vestige of viability would disap-

pear since the measure of damages in such an action is generally the same regardless of whether it is pleaded as a malpractice action or a contract action *(Campagnola v Mulholland, Minion & Roe, supra,* at 42). For all of these reasons, I would continue to apply the traditional three-year tort Statute of Limitations to the legal malpractice action herein, even though the complaint is limited to the recovery of damages to pecuniary or property interest. This is not to say that the six-year Statute of Limitations can never be applied in an action by a client against his attorney. Rather, where, as here, the theory of liability is based upon a breach of the traditional duties arising out of the attorney-client relationship, not a breach of any particular contractual obligation, and, more importantly, the damages sought in the complaint are intended to make the client whole, not provide him with the benefit of any bargain, the action is tortious in nature and governed by the three-year malpractice Statute of Limitations.

I agree with the majority that the Statute of Limitations, which began to run at the date of the malpractice complained of, was not tolled under the continuous representation rule in the circumstances of this case *(see, Albany Sav. Bank v Caffry, Pontiff, Stewart, Rhodes & Judge,* 95 AD2d 918, 919, *supra).* Defendant's motion for summary judgment should, therefore, have been granted in its entirety and the complaint dismissed.

WEISS and HARVEY, JJ., concur with MERCURE, J.; CASEY, J. P., concurs in part and dissents in part in an opinion; LEVINE, J., not taking part.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing the second cause of action; motion granted to that extent and second cause of action is dismissed; and, as so modified, affirmed.