■ ROBERT D. KROUNER, Appellant, v SHOLOM B. KOPLOVITZ et al., Respondents.—Mikoll, J. P. Appeal from an order of the Supreme Court (Cheeseman, J.), entered July 24, 1990 in Albany County, which granted defendants' motion to dismiss the complaint for, inter alia, failure to state a cause of action.

Plaintiff commenced this action against defendants based upon their role as attorneys for the architectural engineering firm of Einhorn, Yaffee, Prescott, Krouner, P.C. (hereinafter EYPK), alleging breach of contract and fiduciary duty and requesting treble damages pursuant to Judiciary Law § 487. The gravamen of plaintiff's complaint stems from his retention of defendant Sholom B. Koplovitz in 1981 to represent plaintiff in his negotiations to merge his engineering firm with the architectural firm of Einhorn, Yaffee, Prescott, P.C. The merger was effected in 1981. In 1983, the majority shareholders of EYPK, the new company, desired to terminate plaintiff's position with the firm. Koplovitz and his firm at that time, Herzog, Nichols, Engstrom & Koplovitz, P.C., were retained to advise EYPK in this matter. Plaintiff sued EYPK and its members in Federal court for various causes of action based upon plaintiff's wrongful termination from EYPK. The matter was settled with a payment made to plaintiff.

Plaintiff then instituted the present action against Koplovitz, his law firm, which had become Herzog, Engstrom, Burke, Koplovitz and Cavalier, P.C. (hereinafter the Herzog firm), and the individual members of both the Herzog firm and its predecessor. The gravamen of the complaint was posited upon their representation of EYPK in its discharge of plaintiff. Defendants moved to dismiss the complaint based on

Statute of Limitations grounds and failure to state a cause of action. Plaintiff cross-moved for an order granting plaintiff priority of disclosure and for sanctions. Supreme Court dismissed the complaint, holding that plaintiff failed to make out causes of action under Judiciary Law § 487, breach of a fiduciary duty, fraud and interference with contractual relations. The court held that Koplovitz's actions, though perhaps constituting a conflict of interest and an ethical violation, did not give rise to a cause of action, and that the settlement in the suit against EYPK precluded further recovery on the fraud claim. This appeal ensued.

There should be a modification. On a motion to dismiss for failure to state a cause of action, the criterion is whether from the four corners of the pleading factual allegations can be discerned which when taken together manifest any cause of action cognizable at law *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275). We find that plaintiff has successfully alleged a cause of action for breach of a fiduciary duty. The attorney-client relationship is a fiduciary one *(Greene v Greene,* 56 NY2d 86, 92). An attorney has a continuing fiduciary obligation not to represent interests adverse to those of the client or former client, which is based upon an attorney's obligation to preserve the confidences of former clients *(Cooke v Laidlaw, Adams & Peck,* 126 AD2d 453, 456). Accepting plaintiff's allegations as true for purposes of this motion, plaintiff made out a cause of action for breach of fiduciary duty by his former counsel.

Defendants also urge that plaintiff's cause of action is barred by a three-year Statute of Limitations. Where a plaintiff seeks to recover damages to property or pecuniary interests and the genesis of the action is a contractual relationship, the six-year Statute of Limitations is applicable *(Video Corp. v Flatto Assocs.,* 58 NY2d 1026). We have held a six-year statutory limit to be applicable to a lawyer-client relationship *(see, Santulli v Englert, Reilly & McHugh,* 164 AD2d 149, *mod* 78 NY2d 700). The obligation of an attorney to a client is a continuing one. The instant cause of action accrued upon the breach of this continuing duty, which according to the complaint occurred in 1984 when Koplovitz undertook to represent EYPK in the activities relating to plaintiff's discharge. The cause of action must thus be presumed to have been timely brought for the purpose of the motion to dismiss.

The individual members of the Herzog firm and its predecessor urge that since Koplovitz and defendant James M. Reilly actually provided services to plaintiff, they are the only defen-

dants who can be held liable to plaintiff and the cause of action against all other individual defendants must be dismissed. Plaintiff sued Koplovitz, Reilly, the Herzog firm and all the individual members of that firm and its predecessor. In his complaint, plaintiff alleges that "[u]pon information and belief, defendants Jacob H. Herzog, Carl W. Engstrom, Terrence J. Burke, Roland M. Cavalier, Harvey V. B. Miller and Joel D. [sic] Lindy * * * may have participated, either as attorneys or as officers or directors of the Herzog firm, or otherwise, with defendants Sholom B. Koplovitz, James M. Reilly and the Herzog firm in the wrongful conduct hereinafter alleged". The individual members have, on this motion, submitted affidavits that they were not involved with any representation of this plaintiff and that some were not associated with the firm when the acts involved allegedly occurred.

Pursuant to Business Corporation Law § 1505 (a), members of a professional service corporation are not personally liable for the acts of other members of the corporation if they did not supervise those individuals or personally participate in the questioned actions with them (see, We're Assocs. Co. v Cohen, Stracher & Bloom, 103 AD2d 130, affd 65 NY2d 148). Here, plaintiff has failed to present anything beyond his speculative belief to support his action against other members of the Herzog firm beside Koplovitz and Reilly. Having failed to submit some basis for his allegations and in light of the previous Federal action in which depositions of Koplovitz and Reilly were taken, the causes of action against the individual members, other than Koplovitz and Reilly, were properly dismissed.

As to the cause of action brought by plaintiff pursuant to Judiciary Law § 487 for treble damages, we find it not to be established in the pleadings. Such cause of action is based on deceit to the court or deceit to a party in a pending action. None being alleged, recovery is foreclosed under the statute (see, Singer v Whitman & Ransom, 83 AD2d 862).

Plaintiff also alleged a breach of contract cause of action. The attorney-client relationship may give rise to both contract and tort liability (see, Bloom v Kernan, 146 AD2d 916). Plaintiff alleges in the complaint in general and conclusory terms that defendants breached contractual duties to plaintiff. The terms of the agreement are not set out, nor does the complaint allege that defendants promised plaintiff to achieve a specific result. Consequently, the complaint fails to set out a breach of contract cause of action (see, Santulli v Englert, Reilly & McHugh, 164 AD2d 149, supra).

Supreme Court dismissed a cause of action denominated as one in fraud. It is to be noted that while the summons with notice alleged an action for fraud, no fraud per se has been set out as a cause of action in the complaint. Therefore, we need not address the issue of the dismissal.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss insofar as dismissing the breach of fiduciary duty cause of action against defendants Sholom B. Koplovitz, James M. Reilly and Herzog, Engstrom, Burke, Koplovitz & Cavalier, P.C.; motion denied to that extent; and, as so modified, affirmed.