■ ROGER M. SUCESE, Appellant, v VINCENT F. KIRSCH, Respondent. (And a Third-Party Action.) [606 NYS2d 60] — Weiss, P. J. Appeal from an order of the Supreme Court (Duskas, J.), entered November 2, 1992 in St. Lawrence County, which granted defendant's motion for summary judgment dismissing the complaint.

The underlying facts in this appeal may be found in the previous appeal to this Court (177 AD2d 890), in which we modified an order of Supreme Court by denying plaintiff leave to file a supplemental summons and amended complaint in order to add the professional corporation of Kirsch and Sbrega, P. C. as a party defendant and by granting summary judgment to third-party defendant O'Hara & Crough, P. C., dismissing the third-party complaint. Plaintiff now seeks reversal of an order of Supreme Court which granted defendant's motion for summary judgment dismissing the complaint and held that plaintiff failed to show the existence of an attorney-client relationship with defendant with respect to the real estate transaction at issue, or to show proof of negligence on defendant's part with regard to that transaction.

We first note that plaintiff failed to demonstrate that he retained defendant in April 1983 to represent him in the purchase of the subject real property. Notwithstanding the allegations in the pleadings and plaintiff's opposing affidavit, in sworn deposition testimony he admitted that he had never had occasion to meet with defendant regarding the purchase of the property. In his opposing affidavit, plaintiff states that his initial contact was with a secretary at the firm of Kirsch and Sbrega and advised her that he wanted the firm to

represent him in the purchase. She directed plaintiff to attorney Dennis Sbrega. It was not until some two years later that plaintiff's first contact with defendant took place concerning the encumbrances recorded against the property. Similarly, defendant's testimony was that he had no involvement with the real estate transaction until after Sbrega had left the practice.

It is fundamental that an explicit undertaking to perform a specific task is required to establish an attorney-client relationship *(see, Saveca v Reilly,* 111 AD2d 493, 494-495; *Boecher v Borth,* 51 AD2d 598; *see also, Bloom v Kernan,* 146 AD2d 916). Plaintiff's self-serving allegations, contradicted by his own sworn testimony, are insufficient to establish a factual issue of whether an attorney-client relationship with defendant was established in connection with the real estate purchase in 1983. Defendant's answer admits only of such relationship in 1984 when plaintiff contacted him to remove the liens and encumbrances against the property.

Finally, we reject plaintiff's attempt to hold defendant liable for any negligence which may have been committed by the professional corporation of Kirsch & Sbrega, which is not a party to this action. Vicarious liability for the negligent acts of a corporation can attach only if those acts were "committed by [defendant] or by any person under his direct supervision and control while rendering professional services on behalf of such corporation" (Business Corporation Law § 1505 [a]; *see, Krouner v Koplovitz,* 175 AD2d 531, 533). Absent proof that defendant committed the negligent acts or that Sbrega was under his direct supervision and control at the time they were committed, defendant cannot be held liable *(see, We're Assocs. Co. v Cohen, Stracher & Bloom,* 65 NY2d 148, 151, *affg* 103 AD2d 130; *Krouner v Koplovitz, supra,* at 533).

Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.