■ SALVATORE R. BELTRONE, Individually and as a Partner in General Schuyler & Company, Respondent, v GENERAL SCHUYLER & COMPANY et al., Defendants, and GARRETT DE-GRAFF, Appellant. [636 NYS2d 917] —Casey, J. Appeal from that part of an order of the Supreme Court (Harris, J.), entered September 14, 1994 in Albany County, which partially denied

defendant Garrett DeGraff's motion to dismiss the complaint against him for failure to state a cause of action.

Plaintiff and defendant K. D. Norwood & Company/1985 are the general partners of defendant General Schuyler & Company, which was formed to acquire, renovate and sell the Philip Schuyler Building in the City of Albany. Financing for the project was provided by Norstar Bank after plaintiff and defendant Ronald Krolick, a general partner of K. D. Norwood, executed a personal guarantee agreement. When General Schuyler fell into arrears, Norstar Bank demanded that plaintiff and Krolick fulfill their obligations under the personal guarantee agreement. Krolick failed to comply with the demand. Plaintiff paid the full amount demanded by Norstar Bank and thereafter commenced this action against various parties, including defendant Garrett DeGraff, who is a general partner of K. D. Norwood and a member of the law firm of Krolick & DeGraff, P. C. DeGraff moved to dismiss the complaint against him for failure to state a cause of action (*see,* CPLR 3211 [a] [7]). Supreme Court granted the motion as to one cause of action and a portion of another, and denied the motion as to the remainder of the complaint, resulting in this appeal by De-Graff.

As to the legal malpractice cause of action alleged in plaintiff's complaint, the law firm of Krolick & DeGraff, P. C. concededly performed various legal services on behalf of plaintiff and General Schuyler. Pursuant to Business Corporation Law § 1505 (a), DeGraff can be personally liable for the negligent performance of those services if he participated in the negligent acts or supervised and controlled the members of the corporation who committed the negligent acts (*see, We're Assocs. Co. v Cohen, Stracher & Bloom,* 103 AD2d 130, 134, *affd* 65 NY2d 148). In support of his motion to dismiss, DeGraff alleges that he neither participated in any of the conduct of the law firm about which plaintiff complains nor supervised and controlled those who participated in the questioned actions.

If this were a motion for summary judgment, DeGraff's affidavit would be sufficient to meet his initial burden to demonstrate entitlement to judgment as a matter of law on the malpractice claim (*see, Sucese v Kirsch,* 199 AD2d 718). On a motion to dismiss, however, affidavits submitted by a defendant will seldom if ever warrant the relief he seeks unless the affidavits establish conclusively that plaintiff has no cause of action (*see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 636; *see also, Pietrosanto v NYNEX Corp.,* 195 AD2d 843). In the absence of any basis for a plaintiff's speculative belief that

members of a professional corporation supervised others or personally participated in the questioned actions with them, dismissal of a malpractice claim at the pleading stage is appropriate (see, *Krouner v Koplovitz*, 175 AD2d 531, 533). Here, however, DeGraff was not merely a member of the professional corporation. He was an officer and one of the two members whose names make up the corporate name and, more importantly, he was involved in the General Schuyler project as a partner of K. D. Norwood. We cannot say at the pleading stage, therefore, that plaintiff has no basis for a claim that DeGraff was sufficiently involved in the professional corporation's legal representation concerning the General Schuyler project to impose liability under Business Corporation Law § 1505 (a).

We reach the same conclusion as to the breach of contract causes of action alleged in the complaint, which are based upon the obligations imposed upon K. D. Norwood as a partner of General Schuyler. DeGraff contends that any loss sustained by plaintiff in paying Norstar Bank pursuant to the terms of the personal guarantee of Norstar's loan to General Schuyler is not the result of the breach of any obligation owed by K. D. Norwood as a partner of General Schuyler. DeGraff relies on a provision of the General Schuyler partnership agreement which provides that no contributions to capital shall be made by any partner except upon the agreement of all partners. According to DeGraff, there was no such agreement and, therefore, Norwood owed no obligation to contribute capital to General Schuyler. DeGraff also argues that he was not obligated to contribute to the capital of K. D. Norwood because of a similar provision in the K. D. Norwood partnership agreement.

The provisions of the partnership agreements upon which DeGraff relies do not, in our view, conclusively establish that plaintiff has no breach of contract cause of action. Plaintiff contends that as a partner of General Schuyler, K. D. Norwood is liable for debts incurred by the General Schuyler partnership (see, Partnership Law § 26), including the debt to Norstar Bank which plaintiff paid pursuant to the guarantee agreement, and that DeGraff is liable for K. D. Norwood's debts. It cannot be said as a matter of law at the pleading stage of this action that the provisions of the partnership agreements that govern partners' contributions to capital also limit the partners' liability for partnership debts. In the alternative, DeGraff relies upon the pleading rule which requires that a cause of action against an individual partner allege that a partnership is insolvent or unable to pay its debts (see, *Helmsley v Cohen*, 56 AD2d 519). That rule, however, is inapplicable where,

as here, the partnership is named as a party defendant along with the individual partners (*see, United States Trust Co. v Bamco 18*, 183 AD2d 549, 551).

With regard to the fraud and breach of fiduciary duty causes of action, we agree with DeGraff that the complaint fails to state a cause of action against him. The fraud cause of action is based upon statements allegedly made by Krolick, in his capacity as a partner and agent of K. D. Norwood (*see*, Partnership Law § 20 [1]), for which DeGraff can be liable as a partner of K. D. Norwood (*see*, Partnership Law § 24). The statements allegedly made by Krolick regarding the joint and several liability of the partners of K. D. Norwood were not false when made (*see*, Partnership Law § 26). Krolick's statements concerning his opinion or predictions of hopeful future events cannot form the basis for a fraud cause of action (*see, Lane v McCallion*, 166 AD2d 688, 690). Nor can the statements contained in the "Condominium Offering Plan", which was completed after plaintiff was allegedly induced to enter into the General Schuyler partnership agreement. We also find the conclusory allegation, that various statements by Krolick and others caused plaintiff to enter into the General Schuyler partnership agreement and to suffer financial losses, insufficient to plead the requisite justifiable reliance. Noticeably absent is any claim that the facts allegedly misrepresented were peculiarly within Krolick's knowledge or that plaintiff had no reasonable means available to him to know the truth (*see, Curran, Cooney, Penney v Young & Koomans*, 183 AD2d 742, 743, *lv denied* 80 NY2d 757).

Plaintiff's breach of fiduciary duty cause of action appears to be based upon the claim that the other parties to the business venture never told him the magnitude of the potential liability to which he was being exposed upon joining the venture. There are, however, no factual allegations which suggest that a person of reasonable intelligence could not have discovered, with the exercise of reasonable diligence, that he or she could be liable to Norstar Bank for the entire amount of General Schuyler's obligation on the loan. To the contrary, the personal guarantee agreement signed by plaintiff clearly disclosed the magnitude of plaintiff's potential liability.

Accordingly, the order should be modified so as to grant DeGraff's motion to dismiss the third and fifth causes of action in the complaint.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion with regard

to the third and fifth causes of action against defendant Garrett DeGraff; motion granted to that extent and said causes of action are dismissed against defendant Garrett DeGraff; and, as so modified, affirmed.