■ Constance F. K. Ecker, as Executor of Herman Cohn, Deceased, Respondent, v Zwaik & Bernstein, P. C., et al., Appellants, and Blossom Cohn et al., Respondents. (And a Third-Party Action.) [658 NYS2d 113] —In an action, *inter alia,* to recover damages for professional malpractice, the defendants Zwaik & Bernstein, P. C. and Jeffrey Bernstein appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated May 29, 1996, as denied those branches of their motion which were for summary judgment dismissing the complaint and any cross claims insofar as asserted against Bernstein and dismissing the plaintiff's second cause of action to recover damages based on lost profits, and all cross claims seeking to recover lost profits, insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the appellants' motion which were for summary judgment dismissing the complaint and all

cross claims insofar as asserted against Jeffrey Bernstein and dismissing the second cause of action insofar as asserted against them, and all cross claims to recover damages for lost profits, are granted, the complaint and all cross claims are dismissed insofar as they are asserted against Bernstein, the second cause of action and all cross claims to recover damages for lost profits are dismissed, and the action against the defendant Jeffrey Bernstein is severed; and it is further,

Ordered that the appellants are awarded one bill of costs.

In 1981 the late Leonard Zwaik and the defendant Jeffrey Bernstein formed Zwaik & Bernstein, P. C. (hereinafter the corporation), a professional corporation engaged in providing accounting services. Before and after the formation of the corporation, Zwaik served as the accountant for the plaintiff's decedent, Herman Cohn. As part of Zwaik's duties, he was responsible for filing Cohn's tax returns and informing Cohn with respect to any required tax payments. Cohn's tax returns were not timely filed for the tax years 1981 to 1987 and as a result he incurred penalties and interest charges.

In 1991 the plaintiff's decedent commenced the instant action against the corporation and the individual defendants to recover, *inter alia,* lost profits which were allegedly incurred as a result of the failure to timely file the tax returns. Bernstein and the corporation moved for summary judgment seeking dismissal of the complaint insofar as asserted against them. In support of the motion Bernstein submitted an affidavit in which he stated that during the time in question, Zwaik alone handled Cohn's account. At an examination before trial conducted before his death, Cohn testified that, to his knowledge, accounting services were provided to him exclusively by Zwaik. Cohn also asserted in an affidavit that after he became aware of the unfiled returns in 1989, he contacted Zwaik to rectify the situation, and that Bernstein began rendering those accounting services to him only when Zwaik became ill. The trial court, *inter alia,* denied the branch of the motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Bernstein, holding that questions of fact existed as to whether Bernstein handled Cohn's account during the time in question. We reverse.

Business Corporation Law § 1505 (a) provides that a shareholder, employee, or officer of a professional corporation shall be liable only for negligent or wrongful acts committed by him or any person under his direct supervision while rendering services on behalf of the corporation *(see, e.g., Tannenbaum v Reichenbaum & Silberstein,* 226 AD2d 700; *We're Assocs. Co. v*

*Cohen, Stracher & Bloom,* 103 AD2d 130, 134, *affd* 65 NY2d 148). Here, the plaintiff did not present any proof beyond a speculative belief that Bernstein handled Cohn's account during the relevant period, or that Bernstein supervised anyone who handled the account during that time *(see, Sucese v Kirsch,* 199 AD2d 718; *Krouner v Koplovitz,* 175 AD2d 531, 532-533). The trial court's reliance on the July 1990 cover letters Bernstein wrote to the Federal and State taxing authorities, which accompanied the submission of Cohn's late tax returns, is misplaced. These letters demonstrate only that Bernstein became involved with Cohn's affairs after the tax problem was discovered. Moreover, Bernstein's authorship of these letters is consistent with Cohn's statement that Bernstein rendered remedial services only after Zwaik became unable to do so.

The plaintiff's claim for lost profits should be dismissed since these damages were neither the natural and probable consequence of the breach, nor were they contemplated by the parties at the time the contract was executed *(see, Kenford Co. v County of Erie,* 73 NY2d 312). Moreover, such damages are entirely speculative and the plaintiff has not presented any evidence to the contrary *(see, Lama Holding Co. v Smith Barney,* 88 NY2d 413; *Lloyd v Town of Wheatfield,* 67 NY2d 809). Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.