[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON NOTIONS FOR SUMMARY JUDGMENT (#139) OF DEFENDANTKENNELLY AND FOR PARTIAL SUMMARY JUDGMENT OF DEFENDANT ROME (#142)
I. PROCEDURAL HISTORY
The plaintiffs, Barry S. Russman and Penny A. Russman filed a second revised twelve[1] count complaint (complaint), dated November 21, 1994 against the defendants Howard M. Klebanoff (Klebanoff), Lewis B. Rome (Rome), James J. Kennelly[2]
(Kennelly), Richard Case[3] (Case) and Rome, Kennelly 
Klebanoff, P.C. (firm). Essentially, the plaintiffs allege legal malpractice against the defendant attorneys, both individually and as a law firm, which was organized under Connecticut law as a professional service corporation. See General Statutes § CT Page 1020933-182a, et seq. The eight counts remaining allege causes of action arising out of fifteen real estate transactions and several trusts for the benefit of plaintiffs' children created by the plaintiffs.
More specifically, the causes of action alleged are: Count One, professional negligence by the defendant individual attorneys; Count Two, professional negligence by the defendant law firm; Count Three, breach of contract by all of the defendants; Count Four, breach of fiduciary duty by all of the defendants; Count Five, breach of trust by the defendants firm, Rome and Klebanoff; Count Six, negligent misrepresentation by the defendant attorneys individually; Count Seven, negligent misrepresentation by the defendant firm; and Count Eight, CUTPA violations by all of the defendants.
Kennelly and Rome now move for summary judgment as to Counts One, Three, Four, six and Eight on the ground that they were not personally involved in the actions complained of, and therefore, they cannot be held personally liable for the alleged tortious conduct of the other defendants.
II. FACTUAL HISTORY
The material facts are largely undisputed. Klebanoff and the firm represented the plaintiffs in a number of matters including providing advice to the plaintiffs regarding their involvement in various real estate ventures. Klebanoff, Rome and the firm provided advice to the plaintiff concerning the creation of trusts for the benefit of the plaintiffs' children, and Klebanoff and Rome were trustees thereof. The plaintiffs became general partners in fifteen partnerships formed by Klebanoff for the purpose of purchasing real estate. Rome was a partner in five of the partnerships and Kennelly a partner in two. Klebanoff and the firm acted as counsel for the partners and for the partnership. Klebanoff was also managing partner of three, and co-managing partner of the other two. When some of the partnerships started to experience financial difficulties, the plaintiffs were allegedly forced to expend significant sums of money to satisfy the liabilities they had assumed in guaranteeing loans made to the partnerships.
The plaintiffs allege that the defendants were negligent in advising them and breached their duty to them by failing, among other things, (1) to inform the plaintiffs about the risks and CT Page 10210 the potential liability of investing in the partnerships or in guaranteeing the partnerships' obligations; and (2) to inform the plaintiffs that they should seek the advice of independent counsel before entering into transactions in which conflicts of interest could have developed between the plaintiffs and the defendants.
The plaintiffs further allege that Klebanoff, Rome and the firm failed to honor the terms of some trusts that had been established for the benefit of the plaintiffs' children by failing to give an accounting of the trust, loaning money from the trust to Klebanoff and failing to return the principal after the trusts terminated.
III. SUMMARY JUDGMENT STANDARD
"Practice book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995).
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id., 752. "A `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case."Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney AvenueCorp. v. Heritage Canal Development Associates,33 Conn. App. 563, 567, 636 A.2d 1377 (1994). "If the CT Page 10211 affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." (Internal quotation marks omitted.)Id., 569.
"[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,
supra, 233 Conn. 752.
A question of law is an appropriate matter for summary judgment. Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, (1997).
IV. DISCUSSION
Kennelly and Rome move for summary judgment on the first, third, fourth, sixth and eighth counts of the complaint on the grounds that they were not involved in the activities forming the basis for the plaintiffs' claims and therefore, as a matter of law, they cannot be held personally responsible for the alleged conduct of the other defendants. Citing General Statutes §33-182e, Kennelly and Rome argue that, under Connecticut law, a defendant can be personally liable, while rendering professional services on behalf of a professional corporation, only for negligent or wrongful acts committed by him or by a person under his direct supervision or control. Kennelly argues that, although the plaintiffs have made specific factual allegations against Klebanoff concerning the complained of real estate transactions and against Klebanoff and Rome concerning the subject trusts, they have failed to plead any facts supporting any allegation of negligent or wrongful conduct by Kennelly. Rome argues that, although the plaintiffs have stated facts in support of their allegations against Klebanoff in connection with the real estate transactions at issue, they failed to plead any negligence or wrongdoing by Rome with regard to such transactions. Further, Rome and Kennelly argue that the plaintiffs have failed to plead that Kennelly or Rome supervised or controlled anyone who committed the negligent or wrongful acts. Because the plaintiffs have failed to allege any acts by Kennelly which could provide the basis upon which to impose personal liability on him, Kennelly argues that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Similarly, Rome argues that he is entitled to partial summary CT Page 10212 judgment on the claims relating to the real estate transactions at issue. Therefore, Kennelly and Rome argue that the motion for summary judgment and the motion for partial summary judgment should be granted.
The plaintiffs counter that the motion for summary judgment should be denied because there exists a factual dispute as to whether Kennelly and Rome were involved in the activities complained of. The plaintiffs further argue that the undisputed participation of Kennelly and Rome as partners and co-investors in the five real estate partnership transactions with the plaintiffs, gives rise to a breach of professional duties and ethical obligations for which these defendants are personally responsible. The plaintiffs argue that: "As participants in [the partnership] real estate transactions with the Russmans for which [their] law firm represented the Russmans, Kennelly [and Rome]. . . (as officer[s] and director[s] of the firm) [were] required to represent and protect their interests competently." (Plaintiffs' Memorandum in Opposition, p. 8). Because Kennelly's and Rome's own personal conduct, as evidenced by their involvement as co-investors in the real estate transactions complained of, forms the basis for the claims against them, the plaintiffs argue that General Statutes § 33-182e cannot insulate them from liability and, therefore, Kennelly's motion for summary judgment and Rome's motion for partial summary judgment should be denied as matter of law.
The question presented is, therefore, whether becoming a co-investor in the same partnerships with a client of the law firm of which a lawyer is a partner, officer or director, creates a duty by that lawyer with regard to legal services provided by the law firm to that client, so as to justify the imposition of liability on the lawyer even if he did not provide, supervise or control any of the professional services complained of.
It is true that the relationship of partners is fiduciary in character and "it imposes on the members of the firm the obligation of utmost good faith in their dealings with one another with respect to the partnership affairs, of acting for the common benefit of all the partners in all transactions relating to the firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat, or adverse pressure of any kind." 68 C.J.S. 516-17, Partnership § 76 (1950). Neither side, nor the court's own research, however, failed to disclose any case law CT Page 10213 imposing on a defendant, by virtue of his status as co-investor with the injured party, an affirmative duty to protect his co-investor from the negligent or wrongful acts of others who are partners or directors of a professional corporation in which the defendant is also a partner or director. The plaintiffs argue that the Kennelly/Rome participation in the alleged negligent and wrongful acts are evidenced by their involvement, as co-investors, in the disputed real estate transactions. (Memorandum in Opposition, p. 6). The plaintiffs, however, ignore the difference between the two roles, that of attorney providing or supervising the representation of clients in a real estate transaction and that of being a co-investor in that transaction.
While the plaintiffs' claims stem from the rendering of allegedly negligent legal services and from wrongful conduct in the course of the plaintiffs' legal representation, there is no evidence that participation by Kennelly and Rome in the subject real estate transactions forms the basis of any claim for negligent or wrongful conduct. Indeed, the plaintiffs have failed to allege a single specific negligent wrongful act of commission by either Kennelly or Rome with respect to the five partnership transactions involved; or, that either directly supervised or controlled Klebanoff, or any other firm attorney who committed the acts complained of.
The record is devoid of any evidence that either Kennelly or Rome prepared the partnership papers, assisted in the negotiations relating to its creation or formation, represented the partnership in the purchase of its underlying real estate or provided legal advice or representation to the partnership. Theonly fact which plaintiffs rely upon to evade the shield provided by the professional liability statute is that Kennelly and Rome were co-investors in five of the fifteen partnerships.
Kennelly and Rome disclaim counseling the plaintiffs in any of the subject real estate transactions and have submitted as exhibits the sworn testimony of the plaintiffs themselves confirming Kennelly's and Rome's lack of involvement in the transactions complained of. (Defendant's Exhibits 2 and 3.) The plaintiffs, on the other hand, have failed to detail any factual allegations or present any evidence demonstrating the involvement of Kennelly or Rome in the legal representation of the plaintiffs in the context of the failed real estate partnerships, other than their status as co-investors and partners. Nor is there any evidence that either Kennelly or Rome controlled, supervised or CT Page 10214 provided any legal representation to the plaintiffs in the investment in, or formation of the failed partnerships.
Having determined that no genuine issue of material fact is present, I turn to the question of whether Kennelly and Rome are entitled to judgment as a matter of law. General Statutes §33-182e provides, in pertinent part, that: "any officer, agent or employee of a corporation organized under this chapter shall be personally liable and accountable only for the negligent orwrongful acts or misconduct committed by him, or by any personunder his direct supervision and control, while renderingprofessional services on behalf of the corporation to the person for whom such professional services were being rendered . . . the personal liability of shareholders of such corporation, shall be no greater than that of a shareholder-employee of a corporation organized under chapter 601 or any predecessor statute thereto."Id. (Emphasis added.) The plaintiffs concede that Kennelly and Rome would be protected from liability if they had not invested in the subject partnerships. In fact, they argue that: "While the Professional Corporation statute [General Statutes § 33-182e] might protect Kennelly [and Rome] from liability for the real estate transactions in which they played no part, it cannot do so for partnerships in which they and the Russmans simultaneously shared the relationship of attorney/client and co-investor." (Memorandum in Opposition, p. 7). The plaintiffs, however, fail to cite any case law supporting the proposition that the status co-investor with the plaintiffs expanded the liability for Kennelly and Rome so as to include matters for which they would not otherwise be liable, nor has the court's research revealed any such cases.
In the only two Connecticut cases interpreting the statutory provision at issue, the court held that individual attorneys, who are members of a professional corporation, could be held responsible for wrongful conduct only if they personally engaged in that conduct or directly controlled or supervised the legal work at issue. See Stephens v. Ebenstein Ebenstein, P.C.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 388677 (April 20, 1992) (Burns, J.); ChicagoTitle Ins. Co. v. Zrenda Hinkle, Superior Court, judicial district of New London, Docket No. 515640 , 2 CONN. L. RPTR. 591 (October 16, 1990) (Teller, J.).
An analysis of the plaintiffs' specific claims against Kennelly and Rome with respect to the failed partnerships reveals CT Page 10215 that they allege only acts of omission, not commission. Boiled down, they claim that Kennelly/Rome failed to advise the plaintiffs to seek independent legal advice relating to the partnership investment, and failed to inform the plaintiffs about the risks and liabilities associated therewith.[4]
They further claim that Kennelly/Rome had an affirmative duty to the plaintiffs to do so because of their relationship to the plaintiffs as co-investors and partners. I disagree, as it is clear that co-investing in a partnership cannot be considered as the "rendering of professional services on behalf of the corporation to the person for whom such professional services were being rendered." See § 33-182e. As they were not rendering professional services to the plaintiffs, there was no cognizable duty of care. "There can be no actionable negligence . . . unless there exists a cognizable duty of care."Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
This conclusion is supported by cases in other jurisdictions with professional responsibility statutes similar to General Statutes § 33-182e which have interpreted such statutes so as to hold partners of a professional corporation liable only for their own individual actions or the actions of those under the partner's direct supervision. See, eg., Eckert v. Zwaik Bernstein. P.C., 658 N.Y.S.2d 113 (N.Y.App.Div. 1997) (individual accountants not directly involved in the action complained of were properly dismissed from a malpractice action);Tannenbaum v. Reichenbaum Silberstein, P.C., 642 N.Y.S.2d 43
(N.Y.App.Div. 1996) (court declined to hold individual attorneys personally liable for the professional corporation's alleged breach of contract) Sucese v. Kirsh, 606 N.Y.S.2d 60
(N.Y.App.Div. 1993) (individual attorney in a legal malpractice action could not be held personally liable, absent proof that he committed the negligent act, for negligence committed by other partners); Krouner v. Koplovitz, 572 N.Y.S.2d 959 (N.Y.App.Div. 199 1) (holding that individual attorneys not involved with the wrongful acts alleged had been properly dismissed from the lawsuit). See also We're Assocs. Co. v. Cohen, Stracher Bloom,103 App.Div.2d 130, 478 N.Y.S.2d 670 (1984), aff'd 65 N.Y.2d 148,490 N.Y.S. 743, 480 N.E.2d 357 (1985).[5] Of course, the professional corporation itself remains liable for the malpractice of any of its employees.
I am persuaded that the reasoning in the above cases applies equally to the present action. Because, as determined above, CT Page 10216 there is no issue of fact as to the lack of personal involvement in the legal representation complained of with respect to the failed real estate transactions, I hold that Kennelly and Rome are insulated from liability under the facts of this case pursuant to General Statutes § 33-182e, and are entitled to judgment as a matter of law. Therefore, the motion for summary judgment of Kennelly and the motion for partial summary judgment of Rome are granted as to the first, third, fourth, sixth and eighth counts of plaintiff's second revised complaint.
Teller, J.