Walker v Kramer (2018 NY Slip Op 04375)





Walker v Kramer


2018 NY Slip Op 04375


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-02130
 (Index No. 5219/07)

[*1]Judith Walker, respondent,
v Lynn Adair Kramer, etc., et al., appellants, et al., defendants.


Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Brett A. Scher and Jonathan B. Isaacson of counsel), for appellants Lynn Adair Kramer and Kramer & Rabinowitz, LLC.
Housman & Associates, P.C., Tarrytown, NY (Mark E. Housman of counsel), for appellant Gregory Rabinowitz.
Ronald A. Lenowitz, Woodbury, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants Lynn Adair Kramer and Kramer & Rabinowitz, LLC, appeal, and the defendant Gregory Rabinowitz separately appeals, from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated December 22, 2014. The order denied the motion of the defendants Lynn Adair Kramer and Kramer & Rabinowitz, LLC, and the separate motion of the defendant Gregory Rabinowitz for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice against each of them, and granted the plaintiff's cross motion for leave to renew those branches of her prior cross motion which were for summary judgment on so much of the complaint as sought to recover damages for legal malpractice against the defendants Lynn Adair Kramer, Kramer & Rabinowitz, LLC, and Gregory Rabinowitz, which had been denied in an order of the same court dated December 11, 2007, and, upon renewal, in effect, vacated that portion of the order dated December 11, 2007, and thereupon granted those branches of her cross motion which were for summary judgment on so much of the complaint as sought to recover damages for legal malpractice against the defendants Lynn Adair Kramer, Kramer & Rabinowitz, LLC, and Gregory Rabinowitz.
ORDERED that the appeal from so much of the order dated December 22, 2014, as, upon renewal, granted that branch of the plaintiff's cross motion which was for summary judgment on so much of the complaint as sought to recover damages for legal malpractice against the defendant Lynn Adair Kramer is dismissed as academic, as that portion of the order was, in effect, vacated by an order of the same court dated April 25, 2016, made upon reargument; and it is further,
ORDERED that the order dated December 22, 2014, is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice against the defendant Lynn Adair Kramer, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof, upon renewal, granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of damages, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, [*2]without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages.
During the plaintiff's divorce action, she retained the defendant Kramer & Rabinowitz, LLC (hereinafter the law firm), to represent her. The defendants Lynn Adair Kramer and Gregory Rabinowitz were the members of the law firm. The law firm negotiated a stipulation of settlement between the plaintiff and her former husband wherein the former husband agreed to pay the plaintiff $300,000 as an equitable distribution award. The stipulation provided that the law firm was to prepare a deed transferring ownership of the marital residence from the former husband, who was the sole titled owner, to the plaintiff and the former husband as "joint tenants in common" as a means to secure the husband's payment of the equitable distribution award to the plaintiff. It is undisputed that the law firm failed to prepare and record the deed, and that the former husband subsequently encumbered the marital residence with a mortgage that had priority over the plaintiff's claim against the former husband. Thus, the plaintiff was not able to use her anticipated interest in the marital residence to satisfy the $300,000 owed to her by her former husband. The former husband failed to pay the plaintiff her equitable distribution award, and the plaintiff subsequently commenced this action against, among others, Kramer, Rabinowitz, and the law firm (hereinafter collectively the defendants), inter alia, to recover damages for legal malpractice.
Kramer and the law firm moved for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice against them, and Rabinowitz separately moved for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice against him. The plaintiff, whose previous cross motion for summary judgment on the complaint, made before the conclusion of discovery, had been denied in an order dated December 11, 2007, cross-moved for leave to renew those branches of her prior cross motion which were for summary judgment on so much of the complaint as sought to recover damages for legal malpractice against the defendants. The Supreme Court denied the defendants' separate motions, granted the plaintiff leave to renew, and, upon renewal, granted those branches of her cross motion which were for summary judgment on so much of the complaint as sought to recover damages for legal malpractice against the defendants. Kramer and the law firm appeal, and Rabinowitz separately appeals.
The defendants' contention that the plaintiff's cross motion for leave to renew should have been denied on the basis that it was an improper successive motion for summary judgment is without merit, as the prior orders at issue could fairly be interpreted as authorizing a motion for summary judgment, without leave, at the close of discovery (see Torres v Kalmar, 136 AD3d 457; Maggio v 24 W. 57 APF, LLC, 134 AD3d 621, 626; Crane v JAB Realty, LLC, 48 AD3d 504; Fernandez v Elemam, 25 AD3d 752). The plaintiff's contention that law of the case barred the defendants' motions is without merit (see Martinez v City of New York, 299 AD2d 526, 526).
The Supreme Court should have granted that branch of the motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice against Kramer. Kramer satisfied her prima facie burden of establishing that, under the circumstances here, she was not individually liable for the work performed by the law firm of which she was a member (see Limited Liability Company Law § 609[a]; Salazar v Sacco & Fillas, LLP, 114 AD3d 745; Beltrone v General Schuyler & Co., 223 AD2d 938; Krouner v Koplovitz, 175 AD2d 531). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562; Buczek v Dell & Little, LLP, 127 AD3d 1121).
We agree with the Supreme Court's determination, upon renewal, to grant those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability against the law firm and Rabinowitz on so much of the complaint as alleged legal malpractice. The law firm and Rabinowitz do not dispute that they shared an attorney-client relationship with the plaintiff and that they failed to prepare and record the subject deed (see Lory v Parsoff, 296 AD2d 535; Deb-Jo Constr. v Westphal, 210 AD2d 951). The plaintiff, in support of her renewed cross motion for summary judgment, established, prima facie, that the failure to record the deed constituted legal malpractice, resulting in her inability to sell the marital residence to satisfy the [*3]unpaid equitable distribution award, as intended by the stipulation of settlement. The plaintiff, therefore, established her prima facie entitlement to judgment as a matter of law on the issue of liability against the law firm and Rabinowitz. In opposition, the law firm and Rabinowitz failed to raise a triable issue of fact (see Rehberger v Garguilo & Orzechowski, LLP, 118 AD3d 767). For the same reasons, we agree with the court's determination to deny those branches of the defendants' separate motions which were for summary judgment dismissing so much of the complaint as sought to recover damages for legal malpractice against the law firm and Rabinowitz.
However, since there are triable issues of fact with respect to the amount of the plaintiff's damages, upon renewal, the Supreme Court should not have granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of damages (see e.g. Kryten Iron Works v Ultra-Tech Fabricators, 228 AD2d 416, 417). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages.
We agree with the Supreme Court's determination to deny those branches of the defendants' separate motions which were for summary judgment dismissing so much of the complaint as sought to recover attorneys' fees against the law firm and Rabinowitz based on their legal malpractice. "Damages in a legal malpractice case . . . may include litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 443 [internal quotation marks omitted]). The defendants failed to satisfy their prima facie burden of establishing that no such expenses were incurred by the plaintiff.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court