■ Gary Olkowski, Appellant, v City of New York, Respondent.

After the jury returned a verdict in plaintiff's favor on his claim that defendant's physicians at the Department of Sanitation Clinic had negligently diagnosed and treated his herniated disc on May 29, 1984, defendant renewed its motion, first made at the opening of the trial but reserved by the court, to dismiss the action on the ground that plaintiff's notice of claim was not served until November 1986. In opposition, plaintiff invoked the "continuous treatment doctrine" as the basis for tolling the time constraints of General Municipal Law § 50-e. The IAS court committed no abuse of discretion in entertaining the question of whether the continuous treatment doctrine is applicable, defendant having made the motion to dismiss at the beginning of trial, with the court having reserved decision pending consideration of the evidence, and the applicability of the doctrine being capable of resolution as a matter of law (Rizk v Cohen, 73 NY2d 98). The court did not usurp the function of the jury or substitute its own assessment of the facts on this issue, since the jury was neither called upon to decide nor issued a verdict with respect to the applicability of the doctrine. Moreover, the facts adduced do not support plaintiff's claim that there had been a continuous course of treatment. Neither the mere continuing relation between physician and patient nor the continuing nature of a diagnosis is sufficient to satisfy the requirements of the doctrine (Nykorchuck v Henriques, 78 NY2d 255, 259). Here, although plaintiff repeatedly reported to defendant in connection with the Department of Sanitation's evaluation of his fitness for return to work, the occasional dispensing of muscle relaxants, the taking of x-rays and the diagnosing of plaintiff's condition do not amount to a continuous course of treatment during the period between defendant's negligent acts in May 1984 and plaintiff's filing of the notice of claim in November 1986. Furthermore, plaintiff acknowledged continuous treatment by his own private physician during this period. Concur —Sullivan, J. P., Kupferman, Ross and Kassal, JJ.