■ MICHAEL H. ZAREF et al., Respondents, v BERK & MICHAELS, P. C., et al., Appellants, et al., Defendant. [595 NYS2d 772] —Order of the Supreme Court, New York County (Joan Lobis, J.), entered on December 4, 1991, which denied defendants' motion to dismiss the complaint, is unanimously modified on the law, the facts and in the exercise of discretion, and the motion granted to the extent of dismissing the cause of action for fraud and dismissing the causes of action for breach of fiduciary duty and professional malpractice with leave to plaintiffs to apply to the trial court for permission to replead, without costs or disbursements.

This action arises out of investment services provided to plaintiffs by defendants. The professional relationship between the parties herein, involving tax, accounting and investment advice, began in 1979 when, according to plaintiffs, Dr. Michael H. Zaref, a lifelong friend of defendants Sidney Berk and Norman Michaels, retained them to manage his financial and tax strategy. Plaintiffs further contend that although Dr.

Zaref expressed his aversion to risky investments, defendants nevertheless recommended and sold a series of purportedly tax-advantageous, financially sound investments in high risk arbitrage limited partnerships without ever informing him of their own pecuniary interests in these businesses or disclosing that the appraisals for the real estate partnerships were inflated. Plaintiffs, therefore, supposedly were misled into believing that defendants were representing their interests and invested in 12 partnerships in amounts ranging from $5,000 to $80,500. Yet, plaintiffs urge, defendants not only failed to advise them of the high risk nature of the investments but did not adequately investigate and analyze the deals. Defendants' alleged omissions and misrepresentations form the basis for plaintiff's causes of action for breach of fiduciary duty, negligence, fraud and deceptive trade practices.

The only issues presented in connection with the present appeal are, first, whether plaintiffs have asserted sufficient facts to show the necessary continuous representation to toll the statute of limitations applicable to the breach of fiduciary duty and professional negligence claims as to certain transactions which took place more than three years before the commencement of this litigation and, second, whether all of the elements of fraud have been pleaded with the required particularity. In that regard, the Supreme Court upheld the fraud cause of action as to three 1985 investments, ruling that the earlier transactions are time-barred by the six year limitations period, and denied dismissal of the breach of fiduciary duty and professional negligence claims notwithstanding that "[t]he papers are almost devoid of factual statements which would allow a fact finder to conclude that the continuous representation doctrine should be applied. The complaint alleges that the last investment was in 1985 and the last investor meeting plaintiffs attended was 1987. But plaintiffs do allege a connection between the earlier investments to later tax advice and investment planning. On a motion to dismiss, this complaint allegation is sufficient to raise a jury issue regarding continuous representation."

The continuous representation doctrine, although originally derived from the continuous treatment concept in medical malpractice cases, has also been held applicable to professionals other than physicians (*Greene v Greene,* 56 NY2d 86, 93-94; *see also, Glamm v Allen,* 57 NY2d 87). As the Court of Appeals explained in *Greene v Greene (supra),* a client cannot reasonably be expected to assess the quality of the professional service while it is still in progress. However, the contin-

uous representation must be in connection with the particular transaction which is the subject of the action *(National Union Fire Ins. Co. v Davis, Wright, Todd, Reise & Jones,* 157 AD2d 571; *see also, Nykorchuck v Henriques,* 78 NY2d 255) and not merely during the continuation of a general professional relationship *(Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505, 507). Therefore, the pleading must assert more than simply an extended general relationship between the professional and client *(see, Olkowski v City of New York,* 179 AD2d 570, *lv denied* 80 NY2d 755) in that the facts are required to demonstrate continued representation in the specific matter directly under dispute.

In their complaint, plaintiffs allege that "[t]he continuous representation of plaintiffs by defendants was inordinately seamless. Not only did defendants exclusively prepare tax returns for plaintiffs, make investment decisions and choices for plaintiffs, and undertake to monitor investments for plaintiffs, but they also obtained mortgages where necessary, obtained insurance where necessary, and even recommended estate attorneys to draft plaintiffs' wills." Clearly, plaintiffs failed to describe any specific acts performed, representations made and/or omissions by defendants concerning the particular transactions which are challenged herein. Indeed, even the Supreme Court, despite declining to dismiss the causes of action relating to breach of fiduciary duty and professional negligence, acknowledged that plaintiffs' "papers are almost devoid of factual statements" to support application of the continuous representation doctrine. Since plaintiffs have offered nothing more than defendants' general and unfettered control of their financial, tax and investment affairs, the pleadings are insufficient to sustain the timeliness of any transactions completed more than three years prior to the commencement of this lawsuit insofar as professional malpractice is alleged (CPLR 214 [6]) and six years where the claim for breach of fiduciary duty is involved *(see, Lamontagne v Board of Trustees,* 183 AD2d 424, *lv denied* 80 NY2d 759).

A cause of action for fraud must assert "that a representation of a material fact was made; that such representation was false, and known to be false by the party making it, or was recklessly made; that such representation was made to deceive and to induce the other party to act upon it; and that the party to whom the representation was made relied upon it to its injury or damage" *(Orbit Holding Corp. v Anthony Hotel Corp.,* 121 AD2d 311, 314). An examination of plaintiffs' pleadings fails to reveal sufficiently particularized allegations of all

of the essential elements of fraud. Plaintiffs' claims of materiality are inadequate where, for instance, it is contended that defendants maintained that the investments in question would be profitable. Such "speculation and expressions of hope for the future do not constitute actionable representations of fact" (*Albert Apt. Corp. v Corbo Co.*, 182 AD2d 500, 501, *lv dismissed* 80 NY2d 924; *see also, Quasha v American Natural Beverage Corp.*, 171 AD2d 537). Moreover, there is no claim that defendants intended to defraud plaintiffs by advising them to make certain investments, merely that defendants were careless and inattentive to plaintiffs' interests. The law is settled that the facts and circumstances of the supposed fraud must be stated in detail (*Mance v Mance*, 128 AD2d 448, *lv denied* 70 NY2d 668; *Lanzi v Brooks*, 54 AD2d 1057, *affd* 43 NY2d 778; CPLR 3016 [b]). Thus, scienter cannot be imputed from the close personal relationship between the litigants as plaintiffs evidently intend be done. The cause of action for fraud should, consequently, have been dismissed. Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.