■ ROBERT I. GORDON, Respondent, v ARTHUR MAGUN, Appellant, et al., Defendants. [606 NYS2d 665] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 18, 1992, denying the cross-motion by the defendant-appellant to dismiss the action against him as time barred, affirmed, without costs.

The dissent fairly sets forth the facts and the issue. Whether the continuous treatment doctrine takes a matter out of the Statute of Limitations was well analyzed in the case of *Massie v Crawford* (78 NY2d 516). Unlike that situation, there is here a relatively modest time differential between the first and last visits by the decedent to the defendant-appellant. Moreover, all her visits had to do with a medical condition and in each case the liver was involved, initially, with the biopsy and thereafter with the CT scan.

The dissent would distinguish between the reasons for the liver examinations, but the liver itself cannot really be so bisected.

Accordingly, the continuous treatment doctrine is available and the commencement of the action was timely. Concur—Kupferman, Asch and Rubin, JJ.

Carro, J. P., and Wallach, J., dissent in a memorandum by Wallach, J., as follows: Plaintiff's decedent died in January

1988 of hepatocellular carcinoma, a malignant tumor in the liver. Dr. Magun, a gastroenterologist, was served in this action in March 1990, in a complaint alleging that his failure to diagnose the tumor during his examinations in January and February of 1987 constituted medical malpractice.

Dr. Magun had examined decedent, upon referral from her dermatologist, for possible liver damage due to methotrexate, a medication she was taking for the treatment of severe psoriasis. During the course of his examination, Dr. Magun noted a "suspicious nodule" in the liver area, and ordered a liver-spleen scan and sonogram. When no focal abnormalities became evident, he biopsied the liver, finding minimal fibrosis and no inflammation. As a result, he recommended that treatment with methotrexate could continue.

Dr. Magun completed his referral in February 1987, more than three years before he was served with summons and complaint in this action. He did continue to visit decedent in her hospital room until her discharge on February 17 of that year, but only to counsel her on alcohol consumption.

The next time Dr. Magun saw decedent was in November 1987, upon a new referral from her internist. On this occasion his examination focused on a large abdominal mass, consistent with decedent's complaint of abdominal swelling, weight loss and low-grade fevers over the previous two months. A CT scan this time revealed a massive hepatomegaly (enlargement of the liver). Decedent expressed no concern about the effects of methotrexate during this visit. In fact, the November referral had nothing to do with possible drug-related liver damage.

The IAS Court denied Dr. Magun's cross motion to dismiss on the ground of Statute of Limitations, observing that there was an issue of fact as to whether his consultation in November 1987 was a continuation of the treatment and care of this patient that he had initiated ten months earlier. We disagree and would grant the motion to dismiss.

The continuous treatment doctrine tolls the 2½-year Statute of Limitations for medical malpractice until the final act in the allegedly negligent course of treatment (CPLR 214-a). The doctrine cannot be invoked based upon isolated subsequent examinations (Nykorchuck v Henriques, 78 NY2d 255), or a mere continuing relationship between physician and patient (Olkowski v City of New York, 179 AD2d 570, lv denied 80 NY2d 755). Rather, it requires ongoing treatment of a specific, identifiable medical condition, its purpose being to protect the patient from the inherent disadvantage of having

to interrupt her medical treatment in order to charge her physician with malpractice *(Massie v Crawford,* 78 NY2d 516). Such was not the case here.

Dr. Magun was allegedly negligent in the manner in which he examined and diagnosed plaintiff's decedent in January and February 1987 by failing, it is suggested, to conduct a CAT scan of the liver or a CT directed needle biopsy of the nodule he had noted at that time. However, the purpose of that referral was to determine possible liver damage from methotrexate, and that task was fulfilled. The complaint draws no connection between that dermatological referral and the later referral from decedent's internist concerning the abdominal mass. The fact that there was a 9-month interval between visits is not per se dispositive, but it does shift the burden to plaintiff to establish a continuous course of treatment for the purpose of tolling the Statute until the last visit *(Massie v Crawford,* 78 NY2d, *supra,* at 519). Plaintiff has not met the burden of establishing that link.

Since the continuous treatment doctrine is unavailable here, the running of the Statute of Limitations must be considered to have begun upon the last act of alleged malpractice, in February 1987. That being the case, commencement of this action against Dr. Magun was clearly untimely as a matter of law.