**Marsha RAND and Joseph Rand, Plaintiffs,**

**v.**

**BIRBROWER, MONTALBANO, CONDON & FRANK, P.C., and Anthony Montalbano, Defendants.**

**No. 01 CIV. 2814(CM).**

United States District Court,
S.D. New York.

July 17, 2001.

## MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS

McMAHON, District Judge.

Defendants Anthony Montalbano, Esq. and his law firm, Birbrower, Montalbano, Condon & Frank, P.C. (hereinafter "BMCF") have moved this Court, pursuant to Fed.R.Civ.P. 12(b)(6), for an order dismissing the instant complaint as time-barred and a failing to state a claim. The motion is granted, on both grounds.

This is a legal malpractice action. It arises from and relates to a mortgage loan transaction that occurred a dozen years ago, in 1989. In that transaction, plaintiff Marcia Rand agreed to loan $252,000 to one Thomas J. Fagan in order to finance Fagan's purchase (for development) of certain real property located in South Nyack, New York. The loan was memorialized in a promissory note from Fagan to Mrs. Rand. The note was secured by a second mort-

gage on the property. It was also guaranteed by Dr. Joseph Laico, a personal friend of Fagan's, and a professional colleague of Mrs. Rand's husband (who is a physician).

According to the BMCF attorney who was involved in this transaction, BMCF's client was Fagan, the borrower.

In or about November 1990, Mrs. Rand assigned her right, title and interest in the note and mortgage to her closely-held company, Stanton Construction Company ("SCC"), which foreclosed on the mortgage in the Rockland County Supreme Court. Mrs. Rand did not sue to enforce Dr. Laico's guarantee, although he as well as Fagan had defaulted in his obligation to repay the loan.

BMCF played no part in this lawsuit.

In or about November 1999, Mrs. Rand sued Fagan and Laico personally, on the note and the guarantee, respectively. That action was dismissed as time-barred.

There is no indication in the complaint that BMCF represented anyone in that action, either.

On or about March 7, 2001, Dr. and Mrs. Rand commenced the instant lawsuit against BMCF. The complaint alleges that BCMF had represented them in connection with the 1989 loan transaction, and that the firm had also represented Laico, whose interests were adverse to theirs. They contend that they failed to enforce the guarantee from Laico prior to the expiration of the Statute of Limitations because BCMF, which was conflicted, failed to advise them that their rights were expiring.

█ BMCF disputes all the relevant facts, in an affidavit from Kevin Hobbs, Esq., and an affirmation from Neal Silberblatt, Esq., both of which cover copious exhibits. Plaintiff responds with affidavits

from plaintiffs and from SCC's bookkeeper, as well as a lengthy affirmation from her attorney, John S. Rand, Esq. (plaintiffs's nephew), in which Mr. Rand states that BCMF has represented plaintiffs and their closely-held corporations for many years. Since both parties have elected to supplement the record, I am treating the motion as one for summary judgment, pursuant to Fed.R.Civ.P. 12(c).

I make the following findings on the undisputed record before me:

■ (1) Mr. Rand is not a competent witness and his affidavit is of no probative value whatever. Unlike Mr. Hobbs, he was not a participant in any of the relevant transactions, and unlike Mr. Silberblatt (of whom the same can be said), he goes well beyond what is appropriate in an attorney's affirmation on a motion for summary judgment. Mr. Rand makes broadly-worded and conclusory statements about BMCF's alleged representation of his aunt and uncle and SCC in connection with this and other transactions but provides no evidentiary support whatever for his statements. And he makes similarly broad and conclusory statements about their alleged representation of Laico and Fagan (whom he does not represent, and with whom he presumably had no conversation on the subject), also with no competent backing. *See Parada Jimenez v. Mobil Oil Co. de Venezuela, S.A.,* No. Civ. A. 90–5938, 1991 WL 64186 (S.D.N.Y. April 18, 1991).

(2) The complaint does not plead any act or omission that took place within three years of the commencement of this action (March 8, 1998). The underlying loan transaction took place eleven years prior to the filing of the complaint in this Court. The foreclosure action was brought ten years prior to the commencement of this action. Plaintiff Marcia Rand was aware of the default on both the note and the guarantee in 1991, when SCC sued on the

mortgage. The conclusion that Mrs. Rand simply slept on her rights is inescapable— especially in view of the sworn allegations she made in the 1999 lawsuit against Laico, where she averred that Laico (not BMCF) had lulled her into a false sense of security as the years passed and the six year limitations period slipped away. (See Verified Complaint, attached to the Notice of Motion As Silberblatt Aff. Ex. A.)

■ The only act of malpractice claimed (and it is claimed in Mrs. Rand's affidavit, not in the complaint) is that Mr. Montalbano ". . . .never told me what the statute of limitations was for bringing an action on the Guaranty Agreement." (M. Rand Aff. at 3.) However, there is no evidence in the record that Mr. Montalbano or BMCF were ever retained by Mrs. Rand or SCC in connection with this transaction. The fact that BMCF represented Mr. Fagan in the original loan transaction is undisputed. So is the fact that, over the past decade, BMCF have done legal work for the Rands and/or certain corporations related to them (notably Prudential Rand Realty or Century 21 Realty) on matters having nothing to do with this loan. However, that fact does not carry with it an affirmative obligation for the firm to involve itself in matters (like the Fagan loan and the Laico guarantee) as to which it was not consulted. Indeed, there is no evidence that BMCF was ever consulted about the Guaranty Agreement (There is a statement to that effect in Mr. Rand's affirmation, but that statement has no evidentiary value, and there is no such statement in the affidavit of any competent witness).

■ It is undisputed that BMCF was not Mrs. Rand's or SCC's counsel in connection with either the 1991 action against Fagan (See Hobbs Aff. at Ex. E. (showing that Arthur Sanders, Esq., filed the pleading)), or the 1999 action against Laico (See

Silberblatt Aff. at Ex. A. (showing that Kleinman, Salzman & Bolnick filed that pleading)). And the continuous representation rule does not apply to toll the statute where, as here, there is no evidence that the defendants *ever* represented the Rands in connection with the matter in which the alleged malpractice was committed. *See Mason Tenders District Council Pension Fund v. Messera,* 958 F.Supp. 869, 888 (S.D.N.Y.1997); *Zaref v. Berk & Michaels, P.C.,* 192 A.D.2d 346, 595 N.Y.S.2d 772 (1st Dept.1993).[1]

■ (3) In any event, the complaint fails to state a cause of action because the Rands have no standing to allege claims that properly belong to SCC. It is well settled in the State of New York that officers, directors and shareholders of a corporation—even a closely-held corporation like SCC—do not possess the requisite privity of contract that allows them to bring suit in their own names and on their own behalf for a wrong allegedly done to the corporation. *Green v. Victor Talking Machine Co.,* 24 F.2d 378, 380 (2d Cir. 1928), *cert. denied,* 278 U.S. 602, 49 S.Ct. 9, 73 L.Ed. 530 (1928); *New Castle Siding Company, Inc. v. Wolfson,* 63 N.Y.2d 782, 481 N.Y.S.2d 70, 470 N.E.2d 868 (1984); *General Motors Acceptance Corp. v. Kalkstein,* 101 A.D.2d 102, 474 N.Y.S.2d 493, 495 (1st Dept.1984).

The complaint is dismissed, with prejudice and with costs to the defendants. The Clerk of the Court is directed to close the case.

---

1. Particularly troubling to this Court is that an attorney associated with a competent and well-known local firm, whose senior partner is the former President of The New York State Bar Association, would submit affidavits from his clients in which they assert, not that Mr. Montalbano was in fact retained to represent them in connection with the loan transaction, but rather that they "believed" this to be the case. Equally troubling is Mr. Rand's own assertion that he believes it, too—based on the allegedly startling fact that the Guaranty favored the lender and was adverse to the Guarantor. "Belief" is far from sufficient to support a legal malpractice claim against an attorney; there must have been "...an explicit undertaking to perform a specific task." *Volpe v. Canfield,* 237 A.D.2d 282, 654 N.Y.S.2d 160, 162 (2d Dept.1997). Plaintiffs point to no such explicit undertaking, and the facts, as found in Mr. Hobbs' affidavit and on the face of the two complaints that were filed, suggest that exactly the opposite is true.

I realize that we all feel constrained to do things for our relatives from time to time, but sometimes our professional obligations compel us to explain to those we love that they have no viable claim. If Mr. Rand's pleading in this matter does not cross the Rule 11 line, it certainly teeters on the brink.