**Marsha RAND and Joseph Rand, Plaintiffs–Appellants,**

v.

**BIRBROWER, MONTALBANO, CONDON & FRANK, P.C., and Anthony Montalbano, Defendants–Appellees.**

No. 01–7946.

United States Court of Appeals, Second Circuit.

March 26, 2002.

John S. Rand, Clark, Gagliardi & Miller, P.C., White Plains, NY, for Appellant.

Neil W. Silberblatt, Steinberg & Cavaliere, LLP, White Plains, NY, for Appellee.

Present JOSEPH M. McLAUGHLIN, DENNIS JACOBS and DAMON J. KEITH,* Circuit Judges.

* The Honorable Damon J. Keith, Senior Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Marsha and Joseph Rand appeal from an order of the United States District Court for the Southern District of New York (McMahon, J.) granting summary judgment to defendants and dismissing plaintiffs' legal malpractice complaint.

The complaint alleged, *inter alia,* that the Rands entered into a Guaranty Agreement on or around December 22, 1989 with Joseph Laico, by which Laico guaranteed a $252,000 mortgage note delivered to the Rands by one Thomas Fagan in the principal sum of $252,000. The complaint alleged that the defendant law firm and one of its partners represented the Rands in connection with the Guaranty Agreement, as well as the other party to the transaction, Laico, that Laico defaulted on the Guaranty Agreement, that defendants "represented plaintiffs in connection with enforcement" of the Guaranty Agreement, and that defendants failed to advise plaintiffs that, under the applicable statute of limitations, any action against Laico regarding the default would have to be brought within six years. As a result of this failure of advice, it is claimed that the Rands were damaged in the amount that they would have recovered against Laico (at least $127,000). The complaint contained no allegations of malpractice occurring subsequent to 1990; the only reference anywhere in the complaint to post–1990 conduct was the general claim that defendants provided legal services to a closely held corporation operated by the Rands until that corporation was dissolved in 1999.

On May 14, 2001, defendants moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the Rands' claim as time-barred under New York's three-year statute of limitations for legal malpractice. Defendants also argued for dismissal on the ground that no attorney-client relationship existed between the Rands and defendants with respect to the Guaranty Agreement. Defendants' motion was accompanied by an affidavit of one of the firm's partners, attesting to his personal knowledge that defendants had represented only Fagan in the mortgage transaction and had also drafted the Guaranty Agreement on behalf of Fagan.

In opposition, the Rands each submitted affidavits attesting to their belief that defendants had represented them in connection with the transactions. They also submitted two affidavits from other witnesses and 19 exhibits.

On July 17, 2001, the district court converted, *sua sponte,* defendants' Rule 12(b)(6) motion into a motion for summary judgment under Fed.R.Civ.P. 56, noting that "both parties had elected to supplement the record." In granting summary judgment to defendants, the district court found that the Rands had failed to produce any evidence that defendants represented them in connection with the transactions at issue. *Rand v. Birbrower, Montalbano, Condon & Frank, P.C.,* 149 F.Supp.2d 96, 99 (S.D.N.Y.2001). The court also found that the complaint failed to plead any act or omission that took place on or after March 8, 1998 (three years prior to the filing of the complaint), and, therefore, that "[t]he conclusion that Mrs. Rand simply slept on her rights is inescapable." *Id.* at 98. The district court dismissed the complaint with prejudice. *Id.* at 99.

The Rands' primary argument on appeal is that the conversion of the Rule 12(b)(6) motion into one for summary judgment was done without adequate notice to the

751

Rands and deprived them of the opportunity for discovery. The Rands also argue that even if the conversion was appropriate, whether they had an attorney-client relationship with defendants is a material disputed issue of fact that precludes summary judgment in this case.

■ We affirm for substantially the reasons stated in the district court's opinion. As to the conversion of defendants' Rule 12(b)(6) motion into one for summary judgment, "[t]he essential inquiry is whether [plaintiffs] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or [were] taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *In re G. & A. Books, Inc.,* 770 F.2d 288, 295 (2d Cir.1985). The Rands received notice almost immediately of the defects in their case. In a pre-motion conference, the district court questioned whether the Rands had standing to sue and, if so, why their claim was not barred by New York's three-year statute of limitations. In opposing defendants' motion to dismiss, the Rands expressly interpreted the motion as one for summary judgment, at least as to the statute of limitations issue, and argued that summary judgment was improper. Moreover, the Rands supplemented the record with 19 exhibits as well as affidavits attesting to their belief that defendants had represented them in the 1989 transactions and continued to do so through 1998. The Rands thus knew, or reasonably should have known, of the possibility that the motion would be construed as one for summary judgment. *See Kennedy v. Empire Blue Cross and Blue Shield,* 989 F.2d 588, 592 (2d Cir.1993) (holding that there was no error in *sua sponte* conversion, and plaintiffs were not unfairly surprised, where defendant's motion papers sought dismissal on certain grounds, summary

judgment was granted on those grounds, and plaintiffs had supplemented the record with exhibits); *Bridgeway Corp. v. Citibank,* 201 F.3d 134, 140 (2d Cir.2001) ("[T]he threat of procedural prejudice is greatly diminished if the court's *sua sponte* determination is based on issues identical to those raised by the moving party.") (internal quotation marks omitted). The Rands have pointed to no fact or evidence that they might hope to adduce through additional discovery.

■ Second, the district court correctly granted summary judgment to defendants. The complaint alleges, in conclusory terms, that defendants "represented plaintiffs in connection with" the mortgage note, that defendants drafted the Guaranty Agreement "on behalf of the plaintiffs," and that defendants "represented plaintiffs in connection with enforcement of" that Agreement. The Rands' affidavits reiterate their belief that defendants represented them. But these assertions are insufficient to create a triable issue of fact as to whether an attorney-client relationship was ever formed. The Rands have adduced no evidence to support their contention that defendants represented them, such as a fee arrangement or fee payment, a written retainer agreement, a writing that promotes their sole interests as to the Guaranty Agreement, or even an oral conversation in which defendants undertook representation. *See, e.g., Catizone v. Wolff,* 71 F.Supp.2d 365, 368 (S.D.N.Y. 1999); *First Hawaiian Bank v. Russell & Volkening, Inc.,* 861 F.Supp. 233, 238 (S.D.N.Y.1994).

At most the Rands undertook to show that they *assumed* that the defendants represented them because defendants had previously provided legal services to the Rands' closely held companies. Thus, Mrs. Rand's affidavit recites that none of the defendants "ever told me that they

would no longer act as my attorneys for that one transaction or any other transaction. Mr. Montalbano I believed acted on my behalf." It is undisputed, however, that defendants represented the Rands' *adverse parties* in connection with the transactions at issue; this is stated on the face of the complaint. Under these circumstances, and given the Rands' awareness that defendants represented Fagan and/or Laico, the Rands could not reasonably have believed that defendants were representing them as well as parties adverse to their interests.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.