■ WEST VILLAGE ASSOCIATES LIMITED PARTNERSHIP, Also Known as WEST VILLAGE ASSOCIATION and WEST VILLAGE HOUSES, et al., Appellants, v BALBER PICKARD BATTISTONI MALDONADO & VER DAN TUIN, PC, et al., Respondents. [854 NYS2d 340]—

A legal malpractice claim accrues when the malpractice is committed (*Glamm v Allen,* 57 NY2d 87, 93 [1982]), not when the client discovers it. Under the "continuous representation" doctrine, however, a client cannot reasonably be expected to assess the quality of the professional service while it is still in progress (*see Greene v Greene,* 56 NY2d 86, 94-95 [1982]). The doctrine is "generally limited to the course of representation concerning a specific legal matter," and thus is "not applicable to a client's . . . continuing general relationship with a lawyer . . . involving only routine contact for miscellaneous legal representation . . . unrelated to the matter upon which the allegations of malpractice are predicated" (*Shumsky v Eisenstein,* 96 NY2d 164, 168 [2001]). The pleading must assert more than simply an extended general relationship between the professional and client, and the facts are required to demonstrate continued representation in the specific matter directly under dispute.

The complaint here went beyond mere allegations that defendants continuously represented plaintiffs in a general professional relationship after the specific act of malpractice occurred (*cf. Zaref v Berk & Michaels,* 192 AD2d 346, 348 [1993]), specifically alleging the continued advice they received from defendants regarding rent regulation, as a result of which they failed to take appropriate steps to assure the subject property would be free from rent regulation. As a result, plaintiffs stated a cause of action that was not barred by the statute of limitations (*see Greene,* 56 NY2d at 95).

Finally, plaintiffs sufficiently alleged bases for liability against the individual defendants under Business Corporation Law § 1505 (a) (*cf. Ecker v Zwaik & Bernstein*, 240 AD2d 360, 361-362 [1997]).

We have reviewed plaintiffs' other contentions and find them without merit. Concur—Andrias, J.P., Friedman, Buckley, McGuire and Moskowitz, JJ.