■ ANDREW MARK, Individually and Derivatively on Behalf of SMART TONE AUTHENTICATION, INC., and SMART TONE, INC., et al., Appellants, v DECHERT, LLP, Formerly Known as DECHERT PRICE & RHOADS, LLP, Respondent. [872 NYS2d 105]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered on or about March 19, 2008, dismissing

the complaint and awarding defendant $38,604.18, and bringing up for review an order, same court and Justice, entered June 15, 2007, which, inter alia, granted defendant's motion to dismiss and for the imposition of sanctions on plaintiffs' counsel, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs' legal malpractice claim is barred by the statute of limitations (CPLR 214 [6]), which began to run in January 2000, when the merger of the corporate plaintiffs was completed and defendant law firm filed the merger documents. Even assuming plaintiffs could sustain their allegations that defendant represented them with respect to the merger, the complaint would have to be dismissed because their claim of continued representation is without merit (see West Vil. Assoc. Ltd. Partnership v Balber Pickard Battistoni Maldonado & Ver Dan Tuin, PC, 49 AD3d 270, 270 [2008]).

The court properly imposed sanctions on plaintiff's counsel for frivolous conduct (see 22 NYCRR 130-1.1 [a], [c]). Concur—Saxe, J.P., Gonzalez, Sweeny, Renwick and DeGrasse, JJ.