■ LINCOLN PLACE, LLC, Plaintiff, v RVP CONSULTING, INC., et al., Defendants. ROBERT PETERS et al., Third-Party Plaintiffs-Appellants, v MICHAEL E. PEKOFSKY, ESQ., Third-Party Defendant-Respondent. [896 NYS2d 47]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 2, 2009, which denied third-party plaintiffs' motion for summary judgment and granted third-party defendant's cross motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.

The third-party complaint alleging legal malpractice is time-barred, the action having been commenced more than three years after the malpractice was committed (CPLR 214 [6]; *Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]). Third-party defendant Pekofsky negotiated a lease on behalf of third-party plaintiffs RVP Consulting and Robert Peters (collectively, Peters), as tenants, in 1997. He then assigned the lease, rather than designating a lessee, thereby causing Peters, pursuant to the terms of the lease, to remain liable for the full performance of all the tenant's obligations thereunder. In 1998, the assignee defaulted in its rent obligations, triggering Peters's liability for the outstanding rent. This action was not commenced until 2002.

Contrary to Peters's contention, an adjudication of the meaning of Pekofsky's 1997 letter was not a prerequisite to the existence of an actionable injury. Indeed, while Peters may not have been aware until 2001 or 2002 that Pekofsky's actions could result in liability, it is not the date on which Peters learned that malpractice had occurred, but the date on which the malpractice was committed, that is relevant (*West Vil. Assoc. Ltd. Partnership v Balber Pickard Battistoni Maldonado & Ver Dan Tuin, PC*, 49 AD3d 270, 270 [2008]). Peters's subjective belief that Pekofsky had designated a lessee rather than assigning the

lease is of no consequence. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.